1  Tania L. Whiteleather SBN 141227
   Law Offices of Tania L. Whiteleather, Inc.
2  5445 E. Del Amo Blvd., Suite 207
   Lakewood, CA 90712
3  tel (562) 866-8755  fax (562) 866-6875
   tlwhiteleather@gmail.com
4
5  Attorney for Plaintiff
6
7
8                UNITED STATES DISTRICT COURT
9            FOR THE CENTRAL DISTRICT OF CALIFORNIA
10
11 A.S., by and through      )   Case No. 25-01121 HDV
   his Guardian Ad Litem,    )
12                           )   PLAINTIFF'S BRIEF REGARDING
         Plaintiff           )   DISCOVERY
13                           )
         v.                  )
14                           )
   LONG BEACH UNIFIED        )
15 SCHOOL DISTRICT, a Local  )
   Agency,                   )
16                           )
         Defendant.          )
17 _____)
18      As Ordered, Plaintiff presents his Brief Regarding
19 Discovery in this matter:
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////
27 /////
28 /////

1

**INTRODUCTION**

Defendant Long Beach Unified School District (aka "District"), filed a due process complaint pursuant to the Individuals with Disabilities Education Act ("IDEA") against A.S. on August 9, 2024. Filed with that due process complaint was a Proof of Service stating that District had deposited the complaint in a drop box with delivery fees for overnight mail and sent the complaint to the parents by electronic mail.[1] The District cited on its Proof of Service that service was effected pursuant to C.C.P § 1010.6 and C.R.C. Rule 2.251. (AR 6) At the time of service, A.S.'s parents were unrepresented and acting on their own; throughout the entire underlying OAH matter, they never signed or gave any written consent to electronic service. (Decl. of A. Sanchez)

The parent learned of the District's second complaint (one had been filed the year before) when District's counsel called about a mediation. The parent asked for a copy of the complaint and, after much discussion, was sent a picture of a packet thrown on a porch by FedEx. (See Declaration of Meagan Kinsey, AR p. 144, p. 145:11-16, p. 151) The District's counsel claimed that service had been effected by delivery to FedEx and by FedEx's leaving a packet on the parents' porch.

Ms. Kinsey's assistant, Marivic Rasing-Hokanson,

---

[1] The District's counsel has acknowledged that the "service" was via FedEx, a delivery service… (not a regular mail service.) (See AR p. 144-148, specifically, p. 146:26 to 147:1)

2

also provided a declaration to OAH. That declaration repeated Ms. Kinsey's claim that the District used FedEx as its "overnight mail service..." (AR 163:16-25) Nothing in Ms. Rasing-Hokanson's supports a finding that FedEx actually delivered a copy of the due process complaint (or anything) to the parents' home, and the exhibit to her declaration is void of any such information. (AR 168)

Fed-Ex is not a regular mail service entity. There is no proof of service from any FedEx delivery person stating that a due process complaint was delivered by FedEx to the parents or that a specific document, i.e., District's due process complaint, was actually in the packet that appears to be on the parents' doormat. There is simply no proof that the District's August 2023 due process complaint was properly served on A.S.'s parents.

## A.S. AND HIS PARENT WERE ENTITLED TO DUE PROCESS – NOTICE AND A RIGHT TO BE HEARD.

As with all legal matters, Plaintiff A.S. and his parent were entitled to due process regarding the case filed by Defendant Long Beach Unified School District ("District") and the issues it raised with the California Office of Administrative Hearings ("OAH"). U.S. Const. amend XIV

Due process in California is defined as

> ...includes, but is not limited to, the right to be represented by legal counsel, to receive reasonable notice and an opportunity for a hearing, to call and cross-examine witnesses, and to present evidence and argument to an impartial decisionmaker.

3

C.C.P. § 1732

Plaintiff and his parents were not provided with appropriate or reasonable notice of several mandatory OAH conferences and hearings and were, as a result, denied an opportunity to be heard. Without required notice of PHC conferences or other OAH meetings before hearing, the parent could not participate in those meetings and could not prepare to defend against the complaint filed by the District.

## IN CALIFORNIA – IN COURT AND IN OAH HEARINGS – A PARTY MAY CONSENT TO ELECTRONIC SERVICE BY FILING A SIGNED CONSENT TO SUCH.

California allows service and notice of actions via electronic means <u>only</u> when a party has expressly signed a written consent to accept service electronically. C.C.P. Section 1010.6(c)(2),(3)  Such consent must be served on all parties and filed with the respective court.

OAH similarly provides for such service/notice if a party has filed a signed, written consent to accept service electronically.  When a local educational agency ("LEA") files against the parent, a mailed notice is sent to the parent by OAH (see Decl. of T. Whiteleather). That notice includes a statement regarding OAH procedures that

> A party may choose to have all documents served to them by way of Secure e-File Transfer system to an email address provided by the party, rather than served by U.S. mail. To select service of documents by way of Secure e-File Transfer system, please complete the <u>consent to electronic service agreement (CESA) form</u> located on our website https://www.dgs.ca.gov/OAH/Case-Types/Special-Education/Forms/Consent-to-Electronic-Service-

4

Agreement.

The language above is contained in the first document mailed to the parents by OAH on or about August 13, 2024. At that time, the parents had not been served with the due process complaint in person, by substitute service, by mail with required acknowledgment documents, nor by any other acceptable method.

In the underlying OAH matter, notice was repeatedly sent to the parents by OAH – regarding two OAH PHC meetings and one other OAH conference – electronically. OAH knew or should have known, following an OAH Order vacating the last year's District-filed case against the parent and finding that no appropriate notice (and only inappropriate electronic notice) had been given of several matters, all without written parental consent. OAH's failure in that 2023 matter to properly provide notice to A.S.'s parents of PHC and other conferences <u>again</u> denied the parents due process.

### IN THE UNDERLYING OAH MATTER, AS IN A PREVIOUSLY FILED – AND VACATED – 2023 OAH MATTER, A.S.'S PARENTS NEVER FILED ANY SIGNED CONSENT TO ELECTRONIC SERVICE IN THE OAH MATTER.

As OAH has been made aware, A.S. and his parents did not give written consent to electronic service in the OAH case filed by the District. In fact, when the District had filed a similar case the year before, <u>Long Beach Unified School District v. Student</u>, OAH Case No. 2023010155. After a hearing was held without legal notice the A.S.'s parents, and following a Motion to

Vacate the hearing decision, the administrative law judge ("ALJ") who had heard that case Ordered the Hearing Decision vacated, finding that OAH had failed to give legal notice to the parents.

### A.S.'S COUNSEL HAS MADE REASONABLE ATTEMPTS TO OBTAIN COPIES OF PROOFS OF SERVICE FOR ZOOM MEETINGS HELD BY OAH IN THE UNDERLYING DUE PROCESS MATTER.

Over the course of the underlying OAH matter, Case No. 2024080420, Counsel for A.S. made multiple requests for documentation of any service of notice of either pre-hearing conferences or other OAH conferences as well as proofs of service on the parents for the period from August 28 through October 11, 2024. (See Decl. of Whiteleather)

The first request was made on November 8, 2024, when Counsel was first retained by Plaintiff. (AR p. 127-131) The documents were not provided, and a second request was filed with OAH on December 9, 2024. (Decl. of Whiteleather)

On May 9, 2025, Counsel for Plaintiff made a third request to OAH for copies of proofs of service of the notices for the two pre-hearing conferences.  At that time, Counsel was unaware of another conference that had apparently also been noticed electronically.  Counsel informed OAH that the two provided proofs of service were illegible.  (Decl. of Whiteleather, Ex. 1)

/////

/////

**PARTIES TO OAH MATTERS MAY NOT CONDUCT DISCOVERY.**

Parties to a due process hearing brought pursuant to the Individuals with Disabilities Education Act ("IDEA") generally do not have the right to conduct discovery. *MC v. Antelope Valley Union High School District*, 858 F.3d 1189 (9th Cir. 2017), and both 20 U.S.C. § 1415(h) and C.E.C. § 56505(a) each do not provide for discovery in OAH IDEA matters. California Gov't. Code specifically does not provide for the use of subpoenas that are allowed in other administrative hearings (5 C.C.R. tit.5 § 3089) Gov't. C. §§ 11450.05–11450.30

Plaintiff, whose parents were not legal notice of several OAH zoom conferences, and who were not given any proofs of service of notice of the dates, times, and zoom links for those conferences, lacked the ability to seek discovery in the OAH matter. Counsel did, however, make multiple requests for copies of those records.

**TO DATE, PLAINTIFF HAS NOT RECEIVED ANY DOCUMENT FROM OAH THAT ESTABLISHES ACTUAL PROOF OF SERVICE OF ANY OAH NOTICE OF A ZOOM CONFERENCE, ITS DATE, OR THE ZOOM LINK.**

Plaintiff has not received any proofs of service from OAH that establish service upon Plaintiff in the underlying due process case of notice of OAH conferences or zoom links and dates for those conferences. Instead, Plaintiff has received largely illegible copies of some pages, none of which have been authenticated, from OAH, all of which appear to indicate <u>only</u> electronic notice. Given OAH's history of failing to serve/notice the same

parents in the prior, vacated due process matter, this failure should not have occurred again in District's 2024 complaint against A.S.

### THE ADMINISTRATIVE RECORD CONTAINS NO PROOF OF LEGAL SERVICE OF THE DUE PROCESS COMPLAINT ON A.S. OR HIS PARENTS.

OAH accepted District's service of Plaintiff and his parents via what was apparently a FedEx, drop-on-the-porch method of service. Such certainly does not meet the requirements of State or administrative law. Despite the parent's request for service of the complain on her, and Counsel's written motion for such service, OAH simply denied the request... and moved on with hearing.

### THE ADMINISTRATIVE RECORD CONTAINS NO PROOF OF SERVICE BY OAH ON THE UNREPRESENTED PARENTS OF ANY NOTICE OF THE ZOOM LINK FOR ANY PRE-HEARING CONFERENCE OR OF OTHER HEARINGS IN THE UNDERLYING OAH MATTER.

Since COVID, OAH has held all pre-hearing conferences ("PHCs") and hearings virtually. Parties are given links for hearings or conferences and may join virtually (or can participate by phone if that is necessary.

To join an OAH virtual or telephonic hearing or conference, a party must have notice of that event, along with the zoom link for the conference.

In this matter, a review of the OAH Administrative Record ("AR") lodged with the Court reveals the following:

1) District filed a Pre-Hearing Conference Statement on August 21, 2024, noting a

      PHC Date of August 26, 2024... yet there is no part of the AR that indicates service of any notice upon the parties of that PHC date (AR p. 55). While the administrative law judge ("ALJ") noted in the Order Following Pre-hearing Conference that "PHC invitations had been sent to both Parents," (AR, p. 61) there is simply no proof of service of that notice nor of any notice of the link for that virtual conference.

2) A second District Pre-Hearing Conference Statement was filed on October 8, 2024, noting a PHC Date of October 11, 2024. As before the AR is void of any notice to the parents of that PHC or of any notice of any link for that conference. It appears that the PHC was held on October 11th, again without the parent. (AR, p. 82)

3) A third Pre-Hearing Conference was filed by the District on October 23, 2024. That PHC statement noted a PHC Date of October 28, 2024, but there is absolutely no record in the OAH AR of any notice to the parent of the PHC date or the link for the conference.

4) An Order issued by OAH indicates that a PHC was held on October 28, 2024, that the parent did not attend, and that the ALJ spent the PHC discussing District's complaint with the

9

District's counsel.  (AR, p. 94)

## NOTHING IN IDEA OR ANY OTHER LAW PRECLUDES A PARTY FROM CONDUCTING DISCOVERY.

Parties involved in District Court matters typically have a right to both disclosure and discovery.  LR 26(a), (b) Although Plaintiff's counsel has searched, she has found no code, no regulation that specifically prohibits a party appealing an IDEA due process administrative matter from conducting discovery.

Where, as in an IDEA administrative hearing, a party is not permitted discovery, districts have an advantage. Although parents are to be provided with their child's educational records upon request, as mandated by C.E.C. § 56504, there is no opportunity for a parent, who has no access to the records maintained by a district, to know if records actually exist that contradict a district's claims.

Similarly, with OAH records, despite OAH's production of the AR, the Administrative Record, there are gaps: the proofs of service of notice, date, and links for any zoom meetings...believed to be three separate meetings... to the parents in the underlying due process matter.

To establish if any "notice" of the mandatory PHC and other OAH conferences were given to A.S.'s parents, Plaintiff requires a brief opportunity to question the custodian of records or other "person most knowledgeable" from OAH about if – and how – notices to the parents of any PHC or zoom conferences, dates, and links were sent.

Such a deposition would not require significant time and should be relatively straightforward.  Without such information, Plaintiff lacks the ability to establish the lack of required notice to his parents of OAH conferences and links.

## CONCLUSION

For all of the reasons herein, Plaintiff asks that the Court permit Plaintiff to conduct a deposition of OAH with a request for production of documents establishing if and how notice of OAH conferences and PHCs was given to Plaintiff's parents.

Dated: August 7, 2025

By: _____
    TANIA L. WHITELEATHER
    Attorney for Plaintiff