Tania L. Whiteleather SBN 141227
Law Offices of Tania L. Whiteleather, Inc.
5445 E. Del Amo Blvd., Suite 207
Lakewood, CA 90712
tel (562) 866-8755  fax (562) 866-6875
tlwhiteleather@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.S., by and through his Guardian Ad Litem, <br><br> Plaintiff <br><br> v. <br><br> LONG BEACH UNIFIED SCHOOL DISTRICT, a Local Agency, <br><br> Defendant. | 24 cv 01121 HDV <br><br> DECLARATION OF TANIA L. WHITELEATHER IN SUPPORT OF BRIEF REGARDING DISCOVERY |

I, Tania L. Whiteleather, have personal knowledge of the following and can, if called, testify to the same in a court of law.

I am licensed to practice law in the State of California and before this Court and am the attorney of record in this matter.

In early 2023, I represented A.S. and his parents in a District-filed case against him, Long Beach Unified School District v. Student, OAH Case No. 2023010155.  In that matter, OAH had repeatedly served the parent with notices electronically, overlooking the parents' lack of

1

signed, filed consent to electronic service.

In that matter, the parent filed a Motion to Vacate the hearing and, following a hearing, the administrative law judge found that OAH had failed to provide necessary notice, vacated the due process hearing decision, and provided my client with the records from that hearing.

The parties settled their issues soon after.

I continued to attend Individualized Education Program ("IEP") meetings for A.S., but did not get involved in any other OAH complaint regarding A.S. until the first week of November 2024. In fact, Ms. Kinsey, in-house counsel for the Long Beach Unified School District ("District"), began to send me notices; I told her that I had not been retained to represent A.S. and should not be sent any documents related to any OAH case.

Once I was retained, on November 7, 2024 and only a few days before the hearing in the underlying due process hearing, <u>Long Beach Unified School District v. A.S.</u>, OAH Case No. 2024080420. I filed a motion for service of the due process complaint on Respondent A.S. and a re-setting of the hearing schedule to allow due process for him. (AR 114-126) That motion was denied.

I have never had any ALJ deny a parent the right to an attorney at hearing.

On November 8, 2024, I filed a motion for copies of all pleadings served on the parents, including proofs of service. (AR 127-131) I received no records in response to that request.

2

The ALJ then proceeded with the first day of hearing on November 13, 2024 (I was unable to attend as I was appearing in an earlier-filed OAH matter, <u>Student v. Corona-Norco USD,</u> OAH Case No.2024050848), began the hearing without allowing A.S.'s counsel to participate in the very necessary PHC conference, and, without taking testimony, declared that day to be the first day of the hearing.  The ALJ then provided a very brief continuance of the hearing to December 3, 2024.  The continuance was insufficient to allow me to prepare for hearing.

When I was hired, I explained my problem to the ALJ via a declaration... that I had not had time to prepare for the hearing and had not seen or reviewed the pleadings.  After being hired, I learned that OAH had held at least two pre-hearing conferences – the meetings with OAH and only District's counsel – to discuss the issues, remedies, evidence, and witnesses.  I also knew that the parent had not participated in those pre-hearing conferences.  When I was given access to the OAH files online, I saw nothing that indicated that the parents had been given notice of the pre-hearing conference ("PHC") zoom links or even of the dates of any OAH conferences.

OAH allows service of notice of hearings electronically – if the party files a signed consent to such service.  The parent in this matter never signed such consent.  Despite that, it appears that OAH sent notice to the parent of the zoom link for at least two conferences and for one other meeting...electronically.

3

I first requested proof of service of notices about the pre-hearing conferences/meetings on November 8, 2024, after being hired just days before the hearing was to begin. I did not get copies of the requested documents and proofs of service.

On December 18, 2024, I made a second request for copies of pleadings and proofs of service on the parents for the OAH case. (AR 237-241).

A Decision was issued in the District's case on January 30, 2025.

On May 9, 2025, I made yet another request of OAH for the OAH notices, explaining that I had received copies from OAH that were so small as to be illegible. (See Exhibit 1)

Because there is no discovery in California OAH hearings, I had no ability to conduct discovery. I took reasonable steps get copies of the OAH proofs of service of notices to the parent at a time that she was unrepresented.

Finally, OAH sent three proofs of service to my office following my most recent request for OAH records. The documents appeared to be related to the zoom links for PHC and other OAH conferences in the underlying due process matter, but not one of those records was identified by a declaration from any OAH employee as to what the document was. Essentially, I have copies of proofs of service that have not been authenticated. I need to conduct minimal discovery to obtain

4

authentication of the electronic notices and to confirm that no other notices were sent to the parents.

Executed under penalty of perjury under the laws of the State of California at Lakewood, California on August 5, 2025.

_/s Tania L. Whiteleather_____
TANIA L. WHITELEATHER