SUE ANN SALMON EVANS, State Bar No. 151562
sevans@DWKesq.com
WILLIAM G. ASH, State Bar No. 324122
wash@DWKesq.com
Dannis Woliver Kelley
444 W. Ocean Blvd., Suite 1750
Long Beach, CA 90802
Telephone: 562.366.8500
Facsimile: 562.366.8505

Attorneys for Defendant
Long Beach Unified School District

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.S., by and through his Guardian Ad Litem, ASHLEY SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>LONG BEACH UNIFIED SCHOOL DISTRICT, a Local Education Agency,<br><br>Defendants. | Case No. 2:25-cv-01121 HDV (PDx)<br><br>**LONG BEACH UNIFIED SCHOOL DISTRICT'S OPPOSITION TO PLAINTIFF'S BRIEF REGARDING DISCOVERY**<br><br>**Judge:** Hon. Hernan D. Vera<br><br>**Complaint Filed:** February 11, 2025<br><br>**Trial Date:** March 24, 2026 |

# TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS ................................................................................................ 2

TABLE OF AUTHORITIES .......................................................................................... 3

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 4

I.  INTRODUCTION ............................................................................................... 4

II. ARGUMENT ....................................................................................................... 4

   A. No Authority Allows for Discovery During an Appeal of IDEA decisions from OAH ................................................................................ 4

   B. The Question of Proper Service Was Fully Briefed and Ruled on by OAH .................................................................................................. 6

III. CONCLUSION ................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Ojai Unified Sch. Dist. v. Jackson*,
  4 F.3d 1467 (9th Cir. 1993) ................................................................................. 5

*Ruecker v. Sommer*,
  567 F.Supp.2d 1276 (D. Or. 2008) ....................................................................... 4

*Town of Burlington v. Dep't of Educ. for Com. of Mass.*,
  736 F.2d 773 (1st Cir. 1984) ................................................................................ 5

**Federal Statutes**

20 U.S.C. § 1415(e)(2) ............................................................................................. 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff requests that discovery be allowed in this case. Specifically, Plaintiff requests that they be allowed to conduct the deposition of a person most knowledgeable at the Office of Administrative Hearings ("OAH"). Discovery is not allowed in a decision from the OAH, based on the implementation of the Individuals with Disabilities Education Act ("IDEA"). Plaintiff offers no authority which would allow discovery. Further, the administrative body below clearly considered Plaintiff's arguments and rejected them, and there is no reason to think that further discovery on this issue will produce any difference in results. As such, their request must be denied.

Whether service was proper is not at issue here. Plaintiff submits declarations in support of their brief ("Plaintiff's Brief") and portions of their Brief are dedicated to arguing the substantive issue of whether service was proper. But that issue is not before the Court at this time. The question is limited to whether discovery should be allowed in this case. Plaintiff's Brief lacks any authority which would allow discovery and the authority on this issue makes clear that the focus should be on the administrative record.

Plaintiff offers no authority allowing discovery in this case. The requested discovery would also serve little purpose while also disrupting this Court's review of the administrative record. For these reasons, Plaintiff's request for discovery must be denied.

## II.   ARGUMENT

### A.   No Authority Allows for Discovery During an Appeal of IDEA decisions from OAH

Plaintiff's claim arises from a decision from the OAH, based on the implementation of the IDEA. From a factual standpoint therefore, the claim begins and ends with the administrative record created by the OAH. Numerous courts have emphasized the importance of the administrative record in such cases, due to the role played by OAH as a factfinder with expertise in the educational needs of disabled children. (See, e.g., *Ruecker v. Sommer*, 567 F.Supp.2d 1276, 1293 (D. Or. 2008).) A process does exist to allow a party to supplement the administrative

4

record, but only in a specific, limited set of circumstances. And no authority allows for full fledged discovery in an OAH appeal of an IDEA case.

Supplementing the record may be considered in a specific, limited set of circumstances. The IDEA provides that "the court shall receive the records of the administrative proceedings, *shall hear additional evidence at the request of a party,* and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate. (20 U.S.C. § 1415(e)(2).) However, courts have not taken this to mean that discovery is allowed in these cases. Rather, courts have tied the supplementing process to the court's role in reviewing the administrative record.

> The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding….The determination of what is "additional" evidence must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo.*

*Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1473 (9th Cir. 1993), citing to, *Town of Burlington v. Dep't of Educ. for Com. of Mass.*, 736 F.2d 773, 790-91 (1st Cir. 1984) (footnotes omitted). Due to this focus on the administrative record, courts have imposed a rebuttable presumption that evidence presented before the administrative body should not be supplemented. "The court, however, should not admit evidence which merely repeats or embellishes evidence or testimony presented during the administrative proceeding." (*Ibid.*)

Plaintiff's Brief offers no legal authority which would allow discovery in this case. Plaintiff correctly notes that discovery was not allowed before OAH. (Plaintiff's Brief, p. 7.) Plaintiff also makes no reference to the process for supplementing. Instead, Plaintiff argues that the lack of authority precluding discovery must mean that discovery is allowable. (Plaintiff's Brief, p. 10-11.) But the Court's review of the OAH's decision must be guided by the administrative record, as described above. Allowing discovery when it is not available before the OAH, by its very nature, would allow review of records beyond those possibly available to OAH. This is not one of the situations considered for supplementing the record, such as mechanical

failure, unavailability of a witness, or improper exclusion of evidence by the administrative agency. Rather, if granted, Plaintiff's request would result in introducing evidence to the administrative record which is entirely distinct from OAH's review of Plaintiff's claim. There is no authority which allows for the discovery requested.

There exist no authority which allows for discovery in appeals from an OAH ruling on an IDEA matter. Rather, limited supplementing of the record is allowable. The focus of this process is the court's role in reviewing the administrative record and doesn't extend to the type of discovery requested by Plaintiff. As such, Plaintiff's request for discovery must be denied.

### B. The Question of Proper Service Was Fully Briefed and Ruled on by OAH

The administrative record makes clear that the administrative law judge ("ALJ") reviewed the issue of service and considered identical arguments raised by Plaintiff. (See, generally, A.R. 884-893.) The ALJ determined that service was proper based its review of the records filed before OAH. (A.R. 893.) Plaintiff raised similar arguments, but they were dismissed by the ALJ. (A.R. 894.) On the record, the ALJ makes clear that they were very thorough in their review of this issue. "I went through every single document on file with OAH, and that means all of the notices that OAH sent out, whether it was scheduling orders, orders following prehearing conferences, or anything else. Every single document has a proper notice – a proper proof of service – a proper type of service noticed on the proof of service." (A.R. 885-886.) The ALJ did not request supplemental briefing or further documentation, although they could have done so. Plaintiff offers no reason why this thorough review of the record should be warped through additional discovery.

There is no reason that discovery would impact the ALJ's decision below. Although Plaintiff raised nearly identical arguments before the ALJ, they did not seek to conduct discovery at that time. If they had, it is unclear how a single deposition of a person most knowledgeable at OAH would have impacted the ALJ's analysis. First, the issue at hand is a legal one, and a PMK deponent from OAH would not be able to provide legal analysis. Second, a PMK would only be able to provide generalized information about OAH's practices, which must pale in comparison to the specific information about this case which the ALJ considered and based its decision on.

The discovery requested would have no impact on the administrative record and so Plaintiff's requested discovery must be denied.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's request for discovery must be denied.

DATED: August 14, 2025

DANNIS WOLIVER KELLEY
SUE ANN SALMON EVANS
WILLIAM G. ASH

By: */s/ William G. Ash*
WILLIAM G. ASH
Attorneys for Defendant
Long Beach Unified School District